AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
District of Vermont

**EXHIBIT C**

| Tracy Rubman, et al. | ) |
|---|---|
| *Plaintiff* | ) |
| v. | ) Civil Action No. 2:22-cv-00181-wks |
| Bayer AG, et al. | ) |
| *Defendant* | ) |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: Burlington School District, c/o Emily Joselson, Esq., Langrock Sperry & Wool, 210 College Street, PO Box 721, Burlington, Vermont 05402-0721

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: Sheehey Furlong & Behm P.C. 30 Main Street, PO Box 66, Burlington VT 05402-0066 | Date and Time: 12/09/2022 9:00 am |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/18/2022

*CLERK OF COURT*                    OR

_____              /s/Ian P. Carleton
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Solutia Inc., Monsanto Co., Pharmacia LLC, and Bayer CropScience LP, who issues or requests this subpoena, are:

Ian P. Carleton, 30 Main St, Burlington VT 05401; icarleton@sheeheyvt.com; 802-864-9891

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 2:22-cv-00181-wks

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 2:22-cv-00181-wks   Document 22-3   Filed 12/19/22   Page 3 of 12

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

**SCHEDULE A**

**SUBPOENA TO BURLINGTON SCHOOL DISTRICT**

**INSTRUCTIONS**

1. If any part of a document is responsive to any request, the whole document is to be produced.

2. Any alteration of a responsive document, including any marginal notes, handwritten notes, date stamps, received stamps, endorsed or filed stamps, drafts, revisions, modifications, or other versions of a final document is a separate and distinct document and is to be produced and copied.

3. If you are unable to produce a document in response to any request, so state, and indicate whether the document ever existed, or whether the document once existed but cannot be located. To the extent that documents are lost or destroyed, produce any documents which support your assertion that the document was lost or destroyed.

**DEFINITIONS**

4. All definitions contained in the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the District of Vermont are incorporated herein for reference.

5. "AGENCY OF EDUCATION" refers to the Vermont Agency of Education responsible for administration of all Vermont public schools.

6. "BCOC" refers to Burlington, Vermont's Building Construction Oversight Committee.

7. "BHS PROPERTY" refers to all buildings and property within the confines of 52 Institute Road, Burlington, Vermont 05408.

8. "BURLINGTON CITY COUNCIL" refers to Burlington, Vermont's city council.

9. "BURLINGTON HIGH SCHOOL" refers to Burlington, Vermont's high school administration, currently located primarily at 67 Cherry Street, Burlington, Vermont 05401 along with its employees, contractors, and its agents.

10. "BURLINGTON SCHOOL DISTRICT" refers to Burlington, Vermont's public school system administration, employees, contractors, and all its agents.

11. "CITY OF BURLINGTON" refers to Burlington, Vermont's municipal government administration along with its employees, contractors, and all its agents.

1

12. "COMMUNICATION(S)" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

13. "CONCERN" or "CONCERNING" means relating to, listing, referring to, describing, evidencing, or constituting.

14. "DEC" refers to the Vermont Department of Environmental Conservation.

15. "DEPARTMENT OF HEALTH" refers to Burlington, Vermont's Department of Health.

16. "DOCUMENT(S)" is synonymous in meaning and equal in scope to the usage of this term in the Local Rules and Federal Rules of Civil Procedure, including, without limitation, electronic or computerized data compilations. A draft or non-identical copy is a separate document within the meaning of this term. A document includes all documents appended thereto. This includes materials in the size, shape, color, and format of the original, including any annotations, highlighting, interlineations, and the like. This also includes specifically electronically stored information, including e-mails, spreadsheets, Powerpoint presentations, reports, photographs, and other images. Electronically stored information includes as well all metadata related to each document.

17. "DPS" refers to the Vermont Department of Public Service.

18. "EPA" refers to the U.S. Environmental Protection Agency.

19. "OTHER CONTAMINANT(S)" shall mean and refer to, without regard to any quantity, anything listed by the US EPA under 40 CFR Part 355, Appendices A and B or appearing on any successor list by the US EPA; by the US EPA under 40 CFR Part 302, Table 302.4 or appearing on any successor list prepared under section 102 of CERCLA; any hazardous waste as defined by 10 V.SA. § 6602(4); and any air contaminant as defined by 10 V.S.A. § 552.

20. "PCB" or "PCBs" as used herein refers to all polychlorinated biphenyl congeners and all mixtures of PCBs, including mixtures under the "Aroclor" or "Arochlor" name.

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. All DOCUMENTS and COMMUNICATIONS between BURLINGTON SCHOOL DISTRICT and the following entities: BURLINGTON HIGH SCHOOL, BURLINGTON CITY COUNCIL, BCOC, CITY OF BURLINGTON, any Vermont State Agency (including but not limited to, the DEPARTMENT OF HEALTH, DEC, AGENCY OF EDUCATION, and DPS), and the EPA CONCERNING environmental health and safety at the BHS PROPERTY, including but not limited to, PCBs, and identification and disposal of hazardous materials and regulated waste.

2. All DOCUMENTS and COMMUNICATIONS to or from the EPA and any Vermont State Agency (including but not limited to, the DEPARTMENT OF HEALTH, DEC, AGENCY OF EDUCATION, and DPS) CONCERNING PCBs, including but not limited to, bulletins, notices, or updates.

3. All DOCUMENTS and COMMUNICATIONS to or from any entity CONCERNING air quality testing, as well as the testing of any other environmental matrix, including but not limited to, the testing of surfaces (e.g., wipe sampling), building products (e.g., bulk sampling), and water conducted at the BHS PROPERTY at any time, including but not limited to, all testing for PCBs. This includes all DOCUMENTS and COMMUNICATIONS with environmental contractors, and all reports written by environmental contractors.

4. All DOCUMENTS and COMMUNICATIONS CONCERNING the methodology used for air quality and any other testing as identified in the previous paragraph, at the BHS PROPERTY, including but not limited to, testing for PCBs, all test results, all laboratory QA/QC documents, including chain of custody documents, and any documents that identify the location where environmental samples were taken at BURLINGTON HIGH SCHOOL.

5. All DOCUMENTS and COMMUNICATIONS CONCERNING changes in PCB air quality School Screening and/or Action Levels for PCBs in 2013, 2021, and 2022, and any DOCUMENTS and COMMUNICATIONS that CONCERN compliance with School Screening and/or Action Levels.

6. All DOCUMENTS and COMMUNICATIONS that CONCERN Vermont Act No. 74 (2021), including but not limited to, compliance.

7. All DOCUMENTS and COMMUNICATIONS that CONCERN minutes that document all school board and/or administrative meetings that have taken place since January 1, 2001, including but not limited to, any related audio or video recording, along with the date and location of each meeting, that concerned in whole or in part the condition of BURLINGTON HIGH SCHOOL, renovation or replacement of BURLINGTON HIGH SCHOOL, retrofitting or replacement of florescent light ballasts, delayed maintenance, remediation of any environmental contaminants, and funding for any of these items.

8. All DOCUMENTS and COMMUNICATIONS that CONCERN maintenance, replacement, cleaning, and/or remediation at the BHS PROPERTY, including but not limited to, the BHS PROPERTY'S mechanical, electrical, plumbing, roofing systems, fire detection and suppression systems, ADA compliance, and structural issues.

9. All DOCUMENTS and COMMUNICATIONS that CONCERN the original architectural and engineering plans for the construction at the BHS PROPERTY, and any and all architectural and engineering plans for remediation, remodeling, and/or maintenance at the BHS PROPERTY.

10. All DOCUMENTS and COMMUNICATIONS that identify environmental contractors consulted CONCERNING any construction, remediation, testing, or maintenance work conducted at the BHS PROPERTY, regardless of whether or not that environmental contractor was actually retained and/or subsequently worked at or for the school.

11. All DOCUMENTS and COMMUNICATIONS that CONCERN contracts or agreements CONCERNING investigation, remediation, and site assessment activities at the BHS PROPERTY.

12. All DOCUMENTS and COMMUNICATIONS that CONCERN environmental contractors or consultants regarding the BHS PROPERTY.

13. All DOCUMENTS and COMMUNICATIONS that CONCERN the selection of environmental contractors or consultants, including but not limited to, any Requests for Proposal (RFP), the experience of the contractors and/or consultants with testing for and remediation of PCBs, and any testing and/or remediation plans.

14. All DOCUMENTS and COMMUNICATIONS that CONCERN workers' compensation claims or other personal injury claims filed and/or submitted by occupants of BURLINGTON HIGH SCHOOL (including all employees, students, parents, and visitors) in which it is alleged that the claimed injuries occurred at or as a result of being at the BHS PROPERTY.

15. All DOCUMENTS and COMMUNICATIONS that CONCERN Occupational Safety and Health Administration (OSHA) investigations at the BHS PROPERTY, including but not limited to, OSHA decisions, opinions, orders, fines, penalties, and compliance with OSHA decisions or regulations.

16. All DOCUMENTS and COMMUNICATIONS that CONCERN air quality assessments conducted by any entity at the BHS PROPERTY, including but not limited to, carbon dioxide, asbestos, mold, and PCBs.

17. All DOCUMENTS and COMMUNICATIONS that CONCERN photos, videos, or other form of audio/visual recording of BURLINGTON HIGH SCHOOL's teachers, officials, administrators, employees, or contractors at the BHS PROPERTY.

18. All DOCUMENTS and COMMUNICATIONS that CONCERN the issuance of any bond, funding request, or ballot initiative for the construction of a new high school to replace the BHS PROPERTY.

19. All DOCUMENTS and COMMUNICATIONS that CONCERN the issuance of any bond, funding request, or ballot initiative for environmental health and safety investigations, site assessments, or remediation of the BHS PROPERTY.

20. All DOCUMENTS and COMMUNICATIONS that CONCERN PCBs and the BHS PROPERTY which were communicated to or otherwise made available to BHS employees, students, parents, or the general public.

21. All DOCUMENTS and COMMUNICATIONS that reflect public comments CONCERNING the decision to close the BHS PROPERTY, and/or the decision to construct a new school, including but not limited to, COMMUNICATIONS from students, former students, family members of students, employees of BURLINGTON HIGH SCHOOL, and residents of Burlington.

22. All DOCUMENTS and COMMUNICATIONS CONCERNING the BHS PROPERTY testing plan for PCBs and any protocols for testing and analysis used.

23. ALL DOCUMENTS and COMMUNICATIONS that CONCERN the laboratory or facility that conducted the analysis of any PCB tests or samples from the BHS PROPERTY, including but not limited to, ALL DOCUMENTS and COMMUNICATIONS to and from Pace Analytical, formally known as, Con-test Analytical Laboratory, 39 Spruce Street, East Longmeadow, MA 01028.

24. All DOCUMENTS and COMMUNICATIONS that CONCERN the conditions at the time of all PCB testing that occurred at the BHS PROPERTY, including but not limited to, the status of air ventilation systems, the temperature, and documentation regarding whether windows and doors were open or closed.

25. All DOCUMENTS and COMMUNICATIONS that CONCERN the July 28, 2015 Q&A published by the EPA regarding PCBs and testing for PCBs in schools, as well as any other bulletins or guidance published by the EPA.

26. All DOCUMENTS and COMMUNICATIONS that CONCERN the list of approved PCB remediation and/or testing contractors in Vermont.

27. All DOCUMENTS and COMMUNICATIONS that CONCERN David O. Carpenter.

28. All DOCUMENTS and COMMUNICATIONS that CONCERN Gerald E. Markowitz, Ph.D.

29. All DOCUMENTS and COMMUNICATIONS that CONCERN David Rosner, Ph.D.

30. All DOCUMENTS and COMMUNICATIONS that CONCERN Environmental Health & Engineering, Inc., 180 Wells Ave. Ste. 200, Newton, MA 02459, including but not limited to, Kevin M. Coghlan.

31. All DOCUMENTS and COMMUNICATIONS that CONCERN Keri C. Hornbuckle.

32. All DOCUMENTS and COMMUNICATIONS that CONCERN any and all appraisals of the BHS PROPERTY, for tax purposes or any other reason, as to both the buildings located at the BHS PROPERTY and the land itself.

33. All DOCUMENTS and COMMUNICATIONS that CONCERN the options for, and costs associated with, remediation of the BHS PROPERTY in order to comply with School Action Levels for PCBs.

34. All attendance records for students at BURLINGTON HIGH SCHOOL.

35. All DOCUMENTS and COMMUNICATIONS that CONCERN complaints made about environmental health, including but not limited to, air quality at the BHS PROPERTY.

36. All DOCUMENTS and COMMUNICATIONS that CONCERN responses to complaints made about environmental health, including but not limited to, air quality at the BHS PROPERTY.

37. All DOCUMENTS and COMMUNICATIONS that CONCERN mold, lead, mercury, asbestos, polyfluoroalkyl substances, and all OTHER CONTAMINANTS located or tested for at the BHS PROPERTY.

38. All DOCUMENTS and COMMUNICATIONS that CONCERN fee agreements regarding PCB testing and/or remediation at the BHS PROPERTY.

39. All nonprivileged DOCUMENTS and COMMUNICATIONS to or from attorneys – prior to the execution of any retention agreement concerning those attorneys – that CONCERN putative litigation related to the BHS PROPERTY, including but not limited to, the presence of PCBs.

40. All DOCUMENTS and COMMUNICATIONS that identify all maintenance personnel employed at the BHS PROPERTY from 1964 to the present.

41. All DOCUMENTS and COMMUNICATIONS that identify the chain of command and organizational structure of BURLINGTON HIGH SCHOOL personnel from 1964 to the present.

42. All DOCUMENTS and COMMUNICATIONS that CONCERN work performed by outside contractors at the BHS PROPERTY for any purpose or reason.

43. All DOCUMENTS and COMMUNICATIONS that CONCERN budgets considered, proposed, and submitted regarding the BHS PROPERTY and the BURLINGTON SCHOOL DISTRICT since 1960.

44. All DOCUMENTS and COMMUNICATIONS that CONCERN any form of testing for OTHER CONTAMINANTS conducted at the BHS PROPERTY.

45. All DOCUMENTS and COMMUNICATIONS that CONCERN all forms of air quality testing and procedures conducted at the BHS PROPERTY, and all schools operated by the BURLINGTON SCHOOL DISTRICT.

46. All DOCUMENTS and COMMUNICATIONS that identify all individuals responsible for health and safety at schools in Burlington, Vermont, including but not limited to, environmental health and safety since 1964.

47. All DOCUMENTS and COMMUNICATIONS that CONCERN BURLINGTON HIGH SCHOOL and BURLINGTON SCHOOL DISTRICT employee training on environmental health and safety topics, including but not limited to, air quality, PCBs, and OTHER CONTAMINANTS, including any ongoing training requirements for employees or agents.

48. All DOCUMENTS and COMMUNICATIONS that identify the manufacturers of HVAC systems, hot water boilers, hot and cold water piping, temperature controls, sanitary waste

piping, roof drainage, natural gas piping, plumbing fixtures, insulation, fire sprinkler detection and protection systems, electrical systems, and all other mechanical systems present at the BHS PROPERTY at any time.

49. All DOCUMENTS and COMMUNICATIONS that CONCERN testing conducted and maintenance of HVAC systems that has been or is installed at the BHS PROPERTY.

50. All DOCUMENTS and COMMUNICATIONS that CONCERN fluorescent light ballasts, including but not limited to, any history of maintenance and/or replacement, and their maintenance history at the BHS PROPERTY.

51. All DOCUMENTS and COMMUNICATIONS that CONCERN disposal of: fluorescent light ballasts; regulated waste, including but not limited to, PCBs; PCB containing materials; waste from remedial activities asbestos containing materials, OTHER CONTAMINANTS, and any other hazardous waste as defined by VHWMR § 7-202.

52. All DOCUMENTS and COMMUNICATIONS that CONCERN applications for energy efficiency funding by BURLINGTON HIGH SCHOOL or any government entity for retrofitting lights and replacements of windows and doors at the BHS PROPERTY, and any solicitations or proposals from private entities concerning energy efficiency measures referred in this paragraph.

53. All DOCUMENTS and COMMUNICATIONS that CONCERN the University of Iowa Superfund Research regarding PCBs.

54. All DOCUMENTS and COMMUNICATIONS that CONCERN inspections and/or investigations conducted by any governmental entity at the BHS PROPERTY, including but not limited to, inspections conducted by the Burlington Fire Department.

55. All DOCUMENTS and COMMUNICATIONS that CONCERN Tracy L. Rubman and Kathy A. Lothian, including but not limited to, workers' compensation/personal injury claims, personnel files, their duties and responsibilities as employees, schedules, and the specific location(s) of their offices and/or classrooms or other areas at BHS PROPERTY where they worked.

56. All DOCUMENTS and COMMUNICATIONS that CONCERN all courses held in Metals Shop Jewelry Room F-205.

57. All DOCUMENTS and COMMUNICATIONS that CONCERN all courses held in Welding Shop Room F-210.

58. All DOCUMENTS and COMMUNICATIONS that CONCERN all courses held in Construction Trades Shop Room F-214.

59. All DOCUMENTS and COMMUNICATIONS that CONCERN all courses held in Automotive Shop Room F-103.

60. For all classes in Metals Shop Jewelry Room F-205, Welding Shop Room F-210, Automotive Shop F-103, and Construction Trades Shop Room F-214, all DOCUMENTS and COMMUNICATIONS that CONCERN the products used and or purchased for those classes, including but not limited to, solvents, paints, building products, car parts, automotive parts, supplies, along with purchasing records and disposal records regarding all items used.

61. All DOCUMENTS and COMMUNICATIONS that CONCERN inspections conducted according to the Asbestos Hazard Response Act along with related reports and communications.

62. All DOCUMENTS and COMMUNICATIONS that CONCERN blueprints of the BHS PROPERTY, including but not limited to, blueprints of all mechanical systems presently in place, and/or mechanical systems in place at any time at the BHS PROPERTY.

63. All nonprivileged DOCUMENTS and COMMUNICATIONS that CONCERN filing a lawsuit related to the alleged presence of PCBs at the BHS PROPERTY, including any press releases (draft and final) and other communications with the media.

64. All DOCUMENTS and COMMUNICATIONS that CONCERN insurance claims related to the environmental health and safety at the BHS PROPERTY, including but not limited to, indoor air quality.

65. All DOCUMENTS and COMMUNICATIONS that CONCERN the EPA's Best Management Practices (BMPs) related to PCBs.

66. All DOCUMENTS and COMMUNICATIONS that CONCERN compliance with EPA's school cleaning recommendations for all OTHER CONTAMINANTS, including but not limited to, PCBs.

67. All DOCUMENTS and COMMUNICATIONS that CONCERN compliance with ANSI/ASHRAE/ACCA Standard 180 and ANSI/ACCA Standard 6 – restoring the cleanliness of HVAC systems.

# UNITED STATES DISTRICT COURT
# DISTRICT OF VERMONT

| | |
|---|---|
| TRACY L. RUBMAN; JAMES ELLERY BAKER; KATHY A. LOTHIAN<br><br>Plaintiffs,<br><br>vs.<br><br>BAYER AG; MONSANTO COMPANY; BAYER CROPSCIENCE L.P.; SOLUTIA, INC.; PHARMACIA, L.L.C.; PHARMACIA, INC.; and PHARMACIA CORP.<br><br>Defendants. | CASE NO. 2:22-CV-00181-WKS |

## ACCEPTANCE OF SERVICE

I, Emily Joselson, Esq. hereby accept service by email on behalf of Burlington School District of Defendants' Civil Subpoena dated November 18, 2022 in the above-entitled case and waive any further form of service.

_____             _____
Date                                                              Emily Joselson, Esq.
                                                                        On Behalf of Burlington School District