

123 Justison Street, 7th Floor, Wilmington, DE 19801     tel: 302.622.7000   fax: 302.622.7100

485 Lexington Avenue
29th Floor
New York, NY 10017
tel:  646.722.8500
fax: 646.722.8501

30 N. LaSalle Street
Suite 2350
Chicago, IL 60602
tel:  312.610.5350
fax: 312.214.0001

2325 3rd Street
Suite 329
San Francisco, CA 94107
tel:  415.229.9720
fax: 415.789.4367

www.gelaw.com

Kyle J. McGee
Partner
+1 (302) 622 7058
kmcgee@gelaw.com

December 2, 2022

**VIA EMAIL**

Ian P. Carleton, Esq.              Thomas M. Goutman, Esq.
SHEEHEY FURLONG & BEHM P.C.        SHOOK HARDY & BACON LLP
30 Main Street, 6th Floor          Two Commerce Square
PO Box 66                          2001 Market Street, Suite 3000
Burlington, VT   05402-0066        Philadelphia, PA   19103
icarleton@sheeheyvt.com            tgoutman@shb.com

   Re:   *Rubman, et al. v. Bayer AG, et al.*, No. 2:22-cv-00181-wks (D. Vt.)
         Subpoena directed to Burlington School District

Dear counsel:

      I write on behalf of Burlington School District ("BSD" or the "District") in response to the subpoena issued by defendants in the above-referenced action. As you know, BSD intends to commence demolition of Burlington High School and Burlington Technical Center ("BHS/BTC") buildings impacted by PCB contamination no later than January 10, 2023. BSD has met and conferred with defendants' counsel regarding the scope of the subpoena requests and has been diligently collecting potentially responsive materials. We appreciate defendants' agreement to provisionally limit the scope of the subpoena to materials necessary to enable defendants' consultants to conduct an inspection of the BHS/BTC buildings prior to demolition. Toward that end, defendants identified a subset of subpoena requests to be prioritized in BSD's response. This letter constitutes BSD's response to the narrowed list of priority requests. BSD does not waive but expressly preserves all rights and objections to the remainder of the requests, which defendants have not indicated warrant priority treatment. BSD will respond to the remaining requests in due course.

      Defendants' proposed priority requests are: 1-5, 7-17, 22-24, 32-33, 35-37, 42-45, 48-52,

**EXHIBIT F**

Ian P. Carleton, Esq.
Thomas M. Goutman, Esq.
December 2, 2022
Page  2

54-55, 61-62, 64-65, and 67. As explained during the meet-and-confer process, BSD does not believe that many of the identified priority requests bear any relationship to the proposed inspection of BHS/BTC buildings, and that this list of priority requests should be narrowed further to isolate the categories of documents actually needed to conduct an inspection of the buildings. BSD would like to continue the dialogue with defendants concerning the scope of the priority requests. In the meantime, BSD sets forth the following objections to these requests.

  **Request 1.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1). BSD further objects to this request's use of the phrase, "identification and disposal of hazardous materials and regulated waste" as materially expanding the scope of this request beyond what may be conceivably relevant to the underlying litigation or the proposed inspection of BHS/BTC buildings. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

  **Request 2.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings. Insofar as this request seeks general PCB-related "bulletins, notices, or updates" received by BSD from EPA or Vermont agencies, it is unclear how such materials would inform the proposed inspection of BHS/BTC buildings. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

  **Request 3.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), particularly insofar as this request seeks any and all documents or communications with any entity whatsoever concerning any testing of any materials at any time for any contaminant. Defendants have an obligation to narrowly define the scope of documents sought. Request 3 is the antithesis of a reasonably limited request. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

  **Request 4.** This request seeks underlying documentation regarding all testing referenced in request 3, and is therefore subject to the same objections set forth above as to request 3. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

  **Request 5.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings. Insofar as this request seeks materials relating to regulatory changes and/or compliance with regulations, it is unclear

Ian P. Carleton, Esq.
Thomas M. Goutman, Esq.
December 2, 2022
Page 3

how such materials would inform the proposed inspection of BHS/BTC buildings. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 7.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings. BSD further objects to this request's temporal scope as unreasonably overbroad. BSD is willing to meet and confer regarding an appropriate temporal scope for documents responsive to this request.

**Request 8.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), particularly insofar as this request seeks any and all documents or communications concerning any maintenance or cleaning of any kind at BHS, and any replacement or remediation of any of a variety of systems (mechanical, electrical, plumbing, roofing, fire prevention, ADA compliance, and structural) at BHS. Defendants have an obligation to narrowly define the scope of documents sought. Request 8 fails to reflect any effort to comply with that obligation. Moreover, it is entirely unclear how documents relating to cleaning of any kind, or maintenance, replacement, or remediation work on any of the described systems, could conceivably inform any proposed inspection of BHS/BTC buildings. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 9.** Documents responsive to this request would have been created in the 1960s. Based on BSD's preliminary investigation, documents responsive to request 9 may no longer exist. BSD has contacted the original architecture firm involved in the design of BHS buildings (Freeman French Freeman) to request documents responsive to this request, and has been advised that such documents are no longer in its possession. BSD has examined its electronic files and identified no responsive documents to date. BSD is investigating whether responsive documents may exist in its hard copy files. If responsive documents are identified, BSD will produce them.

**Request 10.** BSD objects to this request as overbroad and unduly burdensome insofar as it seeks identification of all environmental contractors that performed any kind of consulting work for BSD. BSD will produce documents sufficient to identify environmental contractors consulted by BSD with respect to construction, remediation, testing, or maintenance work conducted at BHS in connection with PCBs or other hazardous materials.

**Request 11.** BSD objects to this request as overbroad and unduly burdensome insofar as it seeks documents or communications concerning any contracts or agreements relating to investigation, remediation, or site assessment activities at BHS regardless of whether such work was related in any way to PCBs or other hazardous materials. BSD will produce documents concerning contracts or agreements relating to investigation, remediation, or site assessment

Ian P. Carleton, Esq.
Thomas M. Goutman, Esq.
December 2, 2022
Page 4

activities at BHS in connection with PCBs or other hazardous materials.

**Request 12.** As with requests 10 and 11, request 12 fails to limit its scope to materials pertaining to PCBs or other hazardous materials. Accordingly, request 12 is unreasonably overbroad and imposes undue burden on BSD. BSD will produce documents responsive to this request insofar as they relate to PCBs or other hazardous materials.

**Request 13.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings. In particular, it is unclear how BSD's selection process regarding third-party contractors or consultants in connection with sampling and testing bears in any way on defendants' potential inspection of BHS/BTC buildings. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 14.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), particularly insofar as this request seeks documents and communications concerning any and all workers' compensation claims or other personal injury claims filed or submitted by occupants of BHS, without regard to whether such claims relate to PCB exposure or exposure to other hazardous materials, and without regard to time period. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request and will produce responsive documents relating to claims against BSD arising out of PCB exposure or exposure to other hazardous materials within the past 5 years.

**Request 15.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 16.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 17.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1). In particular, it is entirely unclear how photos, videos, or other recordings of BHS employees or contractors bear in any way on the underlying litigation or the proposed inspection of BHS/BTC buildings. Absent explanation as to why this

Ian P. Carleton, Esq.
Thomas M. Goutman, Esq.
December 2, 2022
Page  5

request is appropriate, or any effort to specify relevant documents, BSD will not search for or produce materials in response to this request.

**Request 22.** BSD will conduct a reasonable search for materials responsive to this request.

**Request 23.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request seeks documents and communications relating to Pace Analytical without regard to whether such materials also relate to PCB testing. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 24.** BSD objects to this request's use of the term "conditions" as vague and ambiguous. Subject to this objection, BSD will conduct a reasonable search for materials responsive to this request.

**Request 32.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), particularly insofar as this request seeks documents and communications concerning any and all appraisals conducted for any reason at any time concerning any BHS building or land. Moreover, it is unclear how documents relating to appraisals of land or buildings would in any way inform defendants' potential inspection of BHS/BTC buildings. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 33.** BSD will conduct a reasonable search for materials responsive to this request.

**Request 35.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly since the request has no time limit.   Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 36.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly since the request fails to impose reasonable temporal limitations.   Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

Ian P. Carleton, Esq.
Thomas M. Goutman, Esq.
December 2, 2022
Page  6

**Request 37.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 42.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), particularly insofar as this request seeks documents and communications concerning any and all work performed by any and all outside contractors for any purpose or reason at any time. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request that are relevant to PCBs or other hazardous materials.

**Request 43.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), particularly insofar as this request seeks documents and communications concerning any and all budgets regarding BHS or BSD, actual or potential, at any time since 1960. Moreover, it is unclear how documents relating to budgets or budget proposals, and especially historic budgets going back as far as the 1960s, would in any way inform defendants' proposed inspection of BHS/BTC buildings. BSD will not search for or produce materials in response to this request.

**Request 44.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 45.** BSD objects to this request's attempt to expand the scope of this subpoena beyond BHS/BTC buildings. BSD will not search for or produce documents relating solely to buildings other than BHS/BTC buildings. BSD further objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 48.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or

Ian P. Carleton, Esq.
Thomas M. Goutman, Esq.
December 2, 2022
Page 7

expense on BSD as required by Rule 45(d)(1). Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 49.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 50.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 51.** BSD objects to this request as overbroad and unduly burdensome, not narrowly tailored to seek only information relevant to the claims or defenses at issue in the underlying litigation, and not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1). BSD further objects that documents responsive to this request, relating to waste disposal, would have no conceivable connection to the proposed inspection of BHS/BTC buildings. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 52.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 54.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 55.** BSD objects that this request is patently unrelated to the proposed inspection of BHS/BTC buildings. BSD is willing to meet and confer with defendants about an appropriate time frame for responding to this request. BSD does not agree that this request warrants prioritization as discussed above.

**Request 61.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited

Case 2:22-cv-00181-wks   Document 22-6   Filed 12/19/22   Page 8 of 9

Ian P. Carleton, Esq.
Thomas M. Goutman, Esq.
December 2, 2022
Page 8

to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 62.** BSD objects to this request as duplicative of other requests seeking architectural and engineering drawings, e.g., request 9. BSD incorporates its response to request 9.

**Request 64.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 65.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

**Request 67.** BSD objects to this request as not reasonably limited to avoid imposing unnecessary burden or expense on BSD as required by Rule 45(d)(1), and not reasonably limited to seek materials necessary for conducting an inspection of buildings, particularly insofar as the request fails to impose reasonable temporal limitations. Subject to these objections, BSD will conduct a reasonable search for materials responsive to this request.

BSD is making an initial production of documents concurrent with this letter. This production is composed of electronically stored documents held by BSD. The documents included in this production are responsive to many of defendants' overlapping subpoena requests. These materials include reports received from and correspondence with environmental consultants, testing results and analytical data, and related materials. You may access this production at the following link: https://gelaw.sharefile.com/d-sfbc337198a294a72bd72a4aa6facbc7c. An email containing the password will follow transmission of this letter.

BSD's search for responsive documents is ongoing. We look forward to continuing the dialogue with defendants regarding appropriate means of limiting the scope of the subpoena such that defendants can conduct their inspection of BHS/BTC buildings prior to the January 10, 2023 demolition date.   As we discussed in our call last night, we also look forward to receiving defendants' list of search terms, which we will need to review emails to identify additional materials responsive to your requests.   Finally, we reiterate our intention to request that BSD's consultants (*e.g.*, Fuss & O'Neill) provide us with documents that may be relevant to defendants'

Ian P. Carleton, Esq.
Thomas M. Goutman, Esq.
December 2, 2022
Page 9

potential inspection of the buildings, and to consider asking some or all of these consultants to participate in an informal phone call with defendants' consultants to help expedite your review of the data, particularly if doing so would ensure the planned demolition date is maintained.

Very truly yours,

*/s/ Kyle J. McGee*

Kyle J. McGee

cc: Matthew Pawa, Esq.
Wesley Kelman, Esq.
Emily Joselson, Esq.
Lisa Shelkrot, Esq.