UNITED STATES DISTRICT COURT
DISTRICT OF VERMONT

| | |
|---|---|
| TRACY L. RUBMAN; JAMES ELLERY BAKER; KATHY A. LOTHIAN </br></br>      Plaintiffs, </br></br>vs. </br></br>BAYER AG; MONSANTO COMPANY; BAYER CAROPSCIENCE L.P.; SOLUTIA, INC.; PHARMACIA, L.L.C.; PHARMACIA, INC.; and PHARMACIA CORP. </br></br>      Defendants. | CASE NO. 2:22-CV-00181-WKS |

**THIRD PARTY BURLINGTON SCHOOL DISTRICT'S REQUEST FOR FOURTEERN DAYS TO FILE ITS OPPOSITION TO DEFENDANTS' EMERGENCY MOTION TO PRESERVE EVIDENCE, REQUEST FOR EXPEDITED DISPOSITION AND REQUEST FOR HEARING**

**INTRODUCTION**

The Burlington School District respectfully requests that it be afforded the customary fourteen days of Local Rule 7(a)(3)(B) to file its opposition to the emergency motion filed yesterday by Defendants Monsanto Company, Bayer CropScience LP, Solutia Inc., and Pharmacia LLC (collectively "Monsanto").  Absent an expedited schedule, BSD's opposition is due January 3, 2023. Monsanto's motion requests "expedited briefing and an emergency hearing," Motion at 3, but Monsanto has not proposed any specific deadlines for either the briefing or the hearing.

The parties and the Court will benefit from affording BSD the customary time to respond. Indeed, expedited treatment of the motion would distract from, and therefore slow down, the BSD legal team from the rapid production of documents it is now undertaking and that Monsanto says it needs in order to inspect the Burlington High School-Burlington Technical Center ("BHS").  And there is time for a fourteen-day opposition followed by a court hearing in January prior to the commencement of even pre-demolition work.  As BSD has informed Monsanto, the soonest that any pre-demolition work, such as

PCBs abatement, will occur is Monday January 23, 2023 and BSD has forbidden its contractors from altering the buildings prior to that date. Indeed, any demolition, or even pre-demolition PCBs abatement work, must await a 30-day public comment period after the State of Vermont approves a Corrective Action Plan; the State has not yet issued this approval. BSD should be accorded the customary fourteen days.

## FACTUAL BACKGROUND

Monsanto is free to inspect the BHS buildings at any time upon any reasonable notice to BSD. But Monsanto has refused to undertake any inspection until it receives an enormous number of documents from BSD—hence Monsanto's recent subpoena to BSD and its emergency motion to delay the demolition of BHS. In its motion, Monsanto says that its expert "will require no more than two weeks" to review these documents, and "roughly 5 days" for the inspection itself. Motion at 11.

BSD does not agree that Monsanto needs all these documents to conduct a reasonable inspection. But to avoid dispute BSD has nonetheless been producing all non-privileged documents it can locate that may be even arguably relevant. This effort has amounted to a massive fire drill extending into the holiday season. BSD has already produced electronic documents from its own files, as well as thousands of pages electronic documents it obtained in response to the subpoena from its various environmental contractors, without waiting for these contractors to be subpoenaed by Monsanto. In just the last week BSD located construction plans from the 1960s forward, which Monsanto says are critical to prepare for its inspection; BSD is having them scanned and produced on an expedited basis. And just this week, BSD's legal team has dispatched a team of five people to review hundreds of boxes of hard-copy files. BSD has made potentially responsive hard-copy documents available to Monsanto just this week. This hard copy and electronic document production will continue on a rolling basis.

No changes that could affect Monsanto's inspection will be made to the BHS buildings until January 23, 2023. In fact, as BSD has informed Monsanto, BSD is legally prohibited from removing PCBs from BHS until the State approves a Corrective Action Plan ("CAP")—an

approval which can be given only after a 30-day public comment period is initiated. *See* Investigation and Remediation of Contaminated Properties Rule (IROCPR) § 35-506(c)(2).[1] The State has not yet initiated this public comment period. Moreover, BSD has instructed its contractors not to undertake any work (e.g., asbestos removal) that would materially change the BHS site until January 23. *See* Exhibit A.

## ARGUMENT

Contrary to Monsanto's representations, the parties and the Court will benefit from affording BSD the customary fourteen days to respond. BSD's request is justified for three reasons.

*First*, requiring BSD to write an opposition in less than fourteen days would slow down the very document production that Monsanto says is key to resolving this dispute. Preparing a response on a more expedited basis would likely necessitate pulling members of the legal team away from this critical task, which would be counterproductive for everyone.

*Second*, if BSD submits its response on January 3, the Court would still have ample time to hold a hearing and even to enjoin work before January 23 (*i.e.*, the earliest date any significant work could occur in the BHS building).

*Third*, responding to Monsanto's motion (including Monsanto's expert affidavit) will require BSD to consult *several* different contractors (environmental, demolition, construction) and its own litigation experts—a lift that is made heavier by the onset of the holidays for all these personnel. Moreover, this is a weighty motion that could if successful cause some 1,000 families to spend another year attending high school in a temporary facility that used to be a department store. There is no good reason to rush BSD's response or the Court's decision.

---

[1] *Available at* https://dec.vermont.gov/sites/dec/files/documents/IRULE%20Clean%20Version.pdf.

## CONCLUSION

The Burlington School District respectfully requests that it be afforded 14 days to file its opposition to the emergency motion.

Respectfully submitted,

**BURLINGTON SCHOOL DISTRICT**

*Matthew F. Pawa*

Dated: December 20, 2022

**SEEGER WEISS LLP**
Matthew Pawa
Benjamin Krass (*pro hac vice* to be filed)
Wesley Kelman (*pro hac vice* to be filed)
1280 Centre Street, Suite 230
Newton Centre, MA 02459
Tel.: (617) 641-9550
Fax: (617) 941-9551
mpawa@seegerweiss.com
bkrass@seegerweiss.com
wkelman@seegerweiss.com

**GRANT & EISENHOFER P.A.**
Jay W. Eisenhofer (*pro hac vice* to be filed)
Kyle J. McGee (*pro hac vice* to be filed)
Viola Vetter (*pro hac vice* to be filed)
Jason H. Wilson (*pro hac vice* to be filed)
Juliana Carter (*pro hac vice* to be filed)
123 S. Justison Street
Wilmington, DE 19801
Tel.: (302) 622-7000
Fax: (302) 622-7100
jeisenhofer@gelaw.com
kmcgee@gelaw.com
vvetter@gelaw.com
jwilson@gelaw.com
jcarter@gelaw.com

**LANGROCK SPERRY & WOOL LLC**
Emily Joselson
Lisa B. Shelkrot
111 South Pleasant Street
PO Drawer 351
Middlebury, VT 05753-0351

Tel.: (802) 388-6356
Fax: (802) 388-6149
ejoselson@langrock.com
lshelkrot@langrock.com

*Attorneys for Burlington School District*

# EXHIBIT A



**DISTRICT OFFICES**
Tom Flanagan, Superintendent
150 Colchester Avenue
Burlington, VT 05401
802-865-5332
tflanagan@bsdvt.org

## MEMORANDUM

**To:**     EnviroVantage
**From**:  Tom Flanagan, Superintendent
**CC**:    Marty Spaulding, Joe Weith
**Date**:  12/20/2022
**Subject**:  Demolition and Abatement Schedule Restriction

This memo serves to establish that no alterations to the former high school buildings at 52 Institute Rd. are authorized to commence until January 23, 2023. Please incorporate this restriction into the project schedule.